No. 22,836.

BRUCE BROTHERS GRAIN COMPANY, *Appellee*, v. WALKER D. HINES, as Director General of Railroads and of the Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

SYLLABUS BY THE COURT.

SHIPMENT OF CORN—*Car Not Stopped in Transit for Inspection as per Contract—Damages—Liability of Carrier.* The plaintiff bought a car of corn of a certain grade, and according to directions it was shipped by the seller over defendant's railroad to a destination in another state upon the stipulated condition that the railroad company should stop the car at a stated point near the origin of shipment for inspection. Plaintiff sold the car to another dealer on the basis of such inspection, and his vendee in turn sold it to a dealer at the destination of the shipment on the same basis. The railroad company failed to stop the car for inspection, and learning of this failure, plaintiff's vendee demanded and received from plaintiff the price it had paid for the corn. The railroad company carried the corn to destination without delay and it was there found to have heated and deteriorated in transit. It was in good condition and of the contract grade when it reached the place of inspection. The vendee at destination refused to receive the corn because of its condition, and it was there sold by plaintiff at a reduced price. Plaintiff sued the railroad company to recover the difference between the reduced price and that which it had paid for the corn. *Held,* that the plaintiff's loss was the direct and proximate result of defendant's breach of its contract to stop the car for inspection.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed November 6, 1920. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Bruce Brothers Grain Company to recover damages resulting to it from the failure of the defendant to stop a car of corn at Wichita for inspection. On May 25, 1918, the plaintiff purchased a car of No. 3 corn from a firm at Valley Center, at $1.52 per bushel

on destination weights and Wichita Federal inspection, the shipment to be made on the day of purchase. On that day the plaintiff sold the corn to the National Grain Company of Wichita for $1.52½ per bushel, basis Valley Center, destination weights and Wichita inspection, and that company in turn sold the corn to the Hardaman-King Grain Company of Oklahoma City on the same basis, weights and grades. The car was billed direct to Oklahoma City with instructions to notify Hardaman-King Grain Company, and to have the car stopped at Wichita for inspection. The defendant issued a bill of lading to the consignor which on its face was marked "stop at Wichita for inspection." On May 25, the shipment was started towards its destination. The bill of lading was sent to the plaintiff by the Valley Center firm, and was received by it on May 26 when it remitted the price of the corn, $1,833.21. On the same day the plaintiff turned over the bill of lading to the National Grain Company and received from it the sale price thereof, based on No. 3 corn, Wichita inspection, the plaintiff to furnish inspection certificate. The defendant failed to stop the car at Wichita for inspection but carried it on to Oklahoma City. Plaintiff's vendee, upon learning that there had been no inspection at Wichita, made a demand upon the plaintiff that it return the amount paid for the corn, and plaintiff then tried to turn the corn back to the Valley Center firm, but it refused to accept the car or refund the money. When the corn was received at Oklahoma City it was found that it had heated and deteriorated below No. 3 and the Hardaman-King Grain Company refused to accept it. The plaintiff being unable to sell the corn because it was out of condition, had it unloaded, run through an elevator and dried. It was then sold at Oklahoma City for $1,474.11, and the defendant refusing to pay the loss, which was $374.40, plaintiff brought this action.

At the conclusion of plaintiff's evidence the defendant demurred thereto on the ground that no cause of action was proven, but the court overruled the demurrer. The defendant stood on his demurrer and judgment was given for plaintiff in the sum of $385.66, the court holding that plaintiff's loss resulted from the failure of the defendant to stop the car at Wichita for inspection.

It is insisted by defendant that the damage was not caused by the failure to stop the car at Wichita but did result from the heating and deterioration of the corn in transit during the month of May. It is said that plaintiff must have known that the corn was likely to germinate during transportation to Oklahoma City in that season, and that since there was no delay in transportation the defendant should not be held liable for the loss. Plaintiff's contract with the defendant stipulated that the car was to be stopped for inspection at Wichita. It is admitted that the car was carried through Wichita without inspection. The corn was sold by plaintiff on the basis of inspection at Wichita, which was from ten to fifteen miles from Valley Center and the time of transportation between the two points was less than an hour. It was shown that the corn was in good condition when it was shipped and could not have heated or deteriorated while being carried to Wichita. An inspection at Wichita showing that the corn graded No. 3 entitled the plaintiff to close the transaction with its vendee and to collect the price at which it was sold without regard to the grade or condition of the corn when it reached Oklahoma City. On the other hand, if the inspection at Wichita had shown the corn was not in good condition and of the grade sold, plaintiff could have turned it back on the original shipper and secured the return of its money. It is reasonably clear that so far as the plaintiff is concerned, its loss is the direct result of defendant's failure to comply with the transportation contract. With the inspection contracted for, plaintiff could have avoided loss, and the breach of the contract resulted in the loss for which judgment was given.

The case does not turn on the damage to the corn during shipment but on the loss or damage sustained by the plaintiff because of the lack of inspection. Plaintiff's sale was made on the basis of inspection near the origin of the shipment, at Wichita, and it appears that the National Grain Company turned back the bill of lading and demanded the return of its money before it had even learned of the condition of the corn at Oklahoma City. The return was not made by reason of the condition of the corn, but because there had been no inspection at Wichita as stipulated in the contract of sale. The defendant must have known of the common practice of

stopping cars for inspection and that grain shipped in that way was bought and sold on inspection and the rights of the dealers were determined by it. There was reason, therefore, for the defendant to anticipate that loss might result to some dealer because of a lack of inspection, and we think that the plaintiff's loss was the direct and proximate result of defendant's breach of contract.

The judgment is affirmed.